IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:18-CR-00032 (WLS-TQL-1) |
| | : |
| DAVID EARL BUTLER, | : |
| | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

Before the Court is Defendant Butler's *pro se* Motion to Transfer Supervised Release to Northern District of Georgia (Doc. 149), with letters of support from his wife and employer. (Docs. 149-1; 149-2). Therein, Defendant requests to relocate to the Atlanta area for his supervised release because that is where his job and spouse are located. (Doc. 149, at 2). Defendant also mentions that the United States Probation Office for the Northern District of Georgia and the Middle District of Georgia had denied Defendant's prior request to transfer his terms of supervised release to the Northern District of Georgia. (*Id.* at 1– 2).

The Government filed a Response in Opposition (Doc. 151), contending, among other reasons, that the circumstances of Defendant's situation have not changed such that it would make the Northern District of Georgia more amenable to accept his transfer of supervision. (*Id.*)

Subsequently, in May of 2024, the USPO in the Middle District of Georgia notified the Court that it had reached out to the USPO in the Northern District of Georgia regarding this issue. The USPO also informed the Court that the Northern District of Georgia had accepted Defendant for courtesy supervision of 90 days to monitor his transfer and

1

compliance with supervision back in March of 2024. And in June of 2024, the USPO recently notified the Court that the Northern District of Georgia, after the courtesy supervision, will be fully accepting Defendant Butler for supervision.

Under 18 U.S.C. § 3605, it is within the sentencing court's discretion whether to accept a transfer of supervised release. *See* 18 U.S.C. § 3605 (providing that a court may transfer jurisdiction of a person on supervised release with the concurrence of such court). Moreover, probation officers play a vital role in effectuating the sentences imposed by district courts. *United States v. Nash*, 438 F.3d 1302, 1305 (11th Cir. 2006) (citations omitted); *United States v. Bernadine*, 237 F.3d 1279, 1283 (11th Cir. 2001) (stating that a probation officer an agent of the court and is "statutorily mandated" to perform "any duty that the court may designate") (quoting 18 U.S.C. § 3603(10)) (internal citations omitted). Thus, courts may delegate some duties to probation officers, in instances such as where the court makes a determination of "whether a defendant must abide by a condition." *Nash*, 438 F.3d at 1305 (citation and quotation marks omitted). In that case, it is "permissible" for the court to "delegate to the probation officer the details of where and when the condition will be satisfied." (*Id.*) (citations omitted). Courts are entitled to rely on probation officer's decisions regarding whether the transferee court should concur to a particular transfer of supervised release. *See Nash*, 438 F.3d at 1305; *Ford v. United States*, 1:20-CV-5251-MLB-JSA, 2021 WL 11712821, at *3 (N.D. Ga. May 21, 2021) (citing *United States v. Porter*, F. App'x 547, 548 (11th Cir. 2021) (stating that courts may delegate duties to probation officers including the details of where and when a condition will be satisfied)).

2

Here, the USPO informed the Court that the Northern District of Georgia's USPO will be fully accepting Defendant for supervision, after having observed Defendant for 90 days of his courtesy supervision. The USPO for the Middle District of Georgia also informed the Court that it does not object to Defendant's supervision being transferred to the Northern District of Georgia. Thus, upon review of the briefs and consideration of USPO's update to the Court, Defendant's Motion to Transfer (Doc. 149) his supervised release term to the Northern District of Georgia, Atlanta Division, is **GRANTED**. To be clear, this Court still retains jurisdiction over Defendant Butler.

**SO ORDERED**, this 25th day of June 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**